### MARGARET O'BRIEN

*v.*

### THOMAS O'BRIEN.

A husband who, without justifiable cause, separates himself from his wife, and neglects to provide for her such a support and maintenance as this court shall adjudge, "that the nature of the case and the circumstances of the parties render suitable and proper," is guilty of "refusing and neglecting to maintain and provide for her" in the sense in which those words are used in the twentieth section of the act concerning divorces.

---

On final hearing on pleadings and proofs.

*Mr. John W. Griggs*, for the complainant.

*Mr. William B. Gourley*, for the defendant.

PITNEY, V. C.

This is a bill filed by a wife against her husband, for support and maintenance, under the twentieth section of the Divorce act. The statute declares that if

"a husband, without any justifiable cause, shall abandon his wife or separate himself from her, and refuse or neglect to maintain and provide for her, it

O'Brien v. O'Brien.

shall and may be lawful for this court to decree and order such suitable support and maintenance, to be paid and provided by the said husband, for the wife and her children, or any of them, by that marriage, or out of his property, and for such time as the nature of the case and the circumstance of the parties render suitable and proper in the opinion of the court, and to compel the defendant to give reasonable security for such maintenance and allowance."

The defendant, by his answer, admitted that he had abandoned his wife and separated himself from her, and set up a justification which he attempted at the hearing to sustain by proofs. I held that this part of his defence had failed, and that he was not justified in separating himself from her.

It was claimed, and rightly, by the defendant, that in order to succeed the complainant must show not only that her husband had abandoned her, but that he had also refused or neglected to maintain and provide for her, and the question reserved is whether the complainant has sustained that part of her case.

The defendant is engaged in business in New York city, and previous to the desertion of his wife lived with her at Passaic, in this state. They have one child nearly four years old. The defendant is the owner of several tenement houses in Passaic, in one of which he resided with his wife and child at the time of the separation. Previous to that his wife had been in the habit of collecting the rents from other houses of his, amounting to about $60 a month, and using them for the supply of the table and ordinary household expenses. At and after the separation the husband permitted his wife to continue to live in the house which they had previously occupied together, and to use the furniture therein, and also permitted her, without objection, to collect the rents from the other houses, amounting as before to about $60 a month, but he did not bind himself in any way to continue to permit her to collect the rents in question or to remain in the occupation of the dwelling and use of the furniture. On the contrary, it is plain from the evidence that he considers the present condition of things as temporary, for he has avowedly been seeking to discover causes for a divorce on his part against her. He has employed a detective to watch her, and offered one man $1,000 to swear that he had seen her in bed with another man.

The question then resolves itself into two—first, is the mere permitting his wife, under the circumstances, to collect the rents before mentioned, and to occupy the house, maintaining and providing for her? And, in the second place, is the amount which he permits her to take sufficient for that purpose?

With regard to the first question, I do not find it necessary to determine it, since I have come to the conclusion, for reasons to be stated presently, that the second question must be resolved in favor of the complainant.

It was argued by the counsel of the defendant that if there was such a provision made by the husband as would enable the wife to live in decency, this court would not examine into the question of its sufficiency in the same manner and upon the same basis that it would if no provision whatever had been made by the husband.

I cannot adopt this view. The sense in which the legislature used the words "refuse or neglect to maintain and provide for her," is shown by what immediately follows where this court is given power to order such *suitable* support and maintenance as the nature of the case and the circumstances of the party render *suitable* and *proper* in the opinion of the court. It seems clear enough that it is the duty of the court, under circumstances like the present, to determine whether the amount already provided by the husband for the wife is such as the nature of the case and the circumstances of the parties render suitable and proper.

The husband is possessed of about $50,000 worth of real estate in the city of Passaic, of which about one-third in value is improved and produces rents, and the other two-thirds is unimproved. He has some $12,000 in savings banks, and is engaged in an established business which nets him at least $5,000 a year, and has amounted in years gone by to $10,000 a year. The mother has, and is entitled to retain, the custody of the infant child. It is not proper that she should live alone, but that she should have a suitable female companion. The child must be properly cared for, and when it arrives at proper age must be educated. The expense of the support and maintenance of the child is comparatively small at the present time, and I have

come to the conclusion that for the present $80 a month, with the use of the house and furniture, will enable the complainant to live in the same style in which she was accustomed to live when the parties were cohabiting. If the defendant is unwilling to permit her to occupy the house and use the furniture, then she should have $115 per month.

There must be a decree in favor of the complainant, in accordance with these views, and the defendant must give security in the usual form to comply with the terms of the decree, with liberty to either party at any time to move, upon cause shown, to vary its terms.

The complainant is entitled to costs and $150 for counsel fees.